UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORMA KESMAN on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | 1:02-cv-1913-RLY-TAB |
| vs. | ) ) | |
| ONE CALL COMMUNICATIONS, INC. d/b/a OPTICOM et al. | ) ) ) | |
| Defendants. | ) ) | |
| KIMBERLY HELBIG, on behalf of herself and all others similiarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | 1:06-cv-466-RLY-TAB |
| vs. | ) ) ) | |
| ONE CALL COMMUNICATIONS, INC. d/b/a ONE CALL d/b/a OPTICOM, et al., | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON CROSS-MOTION TO CONSOLIDATE, WITHDRAW PLAINTIFF, AND REQUEST TO FILE CONSOLIDATED COMPLAINT**

Plaintiffs, Norma Kesman and Kimberly Helbig, move the court to consolidate the above-captioned actions into one caption (1:02-cv-1913-RLY-TAB), to allow Plaintiff Kesman to withdraw as a named plaintiff, and to allow Plaintiff Helbig to proceed as the sole class representative in this action. Defendants Sprint Communications Company L.P.

f/k/a US Sprint Communications Company Limited Partnership, US Sprint Corporation a/k/a US Telecom, Inc. and ASC Telecom, Inc. d/b/a Alternatel (collectively "Sprint"), oppose Plaintiffs' motion[1] on grounds that Plaintiff Helbig lacks standing to bring a suit against Sprint.

A party bringing a suit in federal court must have standing, that is, a personal stake in the outcome of the dispute. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him."). In order to have standing, a plaintiff must satisfy the following elements: (1) "he personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant;" and (2) "the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Hope, Inc. v. County of DuPage, Ill.*, 738 F.2d 797, 804 (7th Cir. 1984).

Standing requirements do not differ in class action disputes. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court recognized that a class action plaintiff must have individual standing, as any other plaintiff:

> That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class "ust allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."

The proposed Consolidated Fourth Amended Complaint (Class Action), in which

---

[1] Plaintiff's motion is styled as a cross-motion, even though it is itself the original motion.

Plaintiff Helbig is listed as the named plaintiff, alleges a violation of 47 U.S.C. § 226, which controls interactions between an operator service provider ("OSP") and consumers. (Fourth Amended Complaint ¶ 45). Plaintiff's allegations against Sprint, however, do not rest upon § 226; rather, Plaintiff's allegations rest on the existence of a purported conspiracy. (Fourth Amended Complaint ¶ 19). Based upon the parties' submissions and the applicable law, it appears that the Communications Act does not provide for a cause of action for conspiracy. *See Conboy v. A.T.&T. Corp.*, 241 F.3d 242, 259 (2d Cir. 2001) ("[U]nlike the civil RICO statute, for example, which explicitly prohibits individuals from conspiring to violate its provisions . . . the Telecommunications Act does not expressly provide private parties with a cause of action for conspiracy to violate the Act.").

Moreover, Plaintiff Helbig cannot establish that her alleged injuries are fairly traceable to Sprint. Indeed, the only allegation specific to her injury appears in paragraph 34, which reads:

> On or about September 1, 2002, Plaintiff unwittingly accepted one of Opticom's operator services when her niece misdialed the toll-free access number of another operator service provider and reached Opticom's operator services instead. Plaintiff was not informed that the collect call she accepted was through Opticom and she incurred substantially higher charges for that call then she would otherwise have incurred.

The court is sympathetic to Plaintiff Kesman's health condition, and would prefer that these actions be consolidated. However, because Plaintiff Helbig lacks standing to proceed as the sole class representative in this action, the court must **DENY** Plaintiffs'

Cross-Motion to Consolidate, Withdraw Plaintiff [Kesman], and Request to File Consolidated Action [Docket # 161].   The court is inclined to revisit this issue in the event Plaintiff Kesman is able to find a class representative who fulfills the standing requirements.

**SO ORDERED** this  25th   day of August 2006.

                                                             RICHARD L. YOUNG, JUDGE
                                                             United States District Court
                                                             Southern District of Indiana

Copies to:

Michael J. Flannery
The DAVID DANIS LAW FIRM
8235 Forsythe Blvd., #1100
St. Louis, MO 63105

James Rosemergy
8235 Forsythe  Blvd., #1100
St. Louis, MO 63105

Evan D. Buxner
WALTHER GLENN LAW ASSOCIATES
1034 South Brentwood Boulevard
Suite 1300
St. Louis, MO 63117

Michael P. Downey
John E. Galvin
Bart C. Sullivan
FOX GALVIN LLC
One Memorial Drive
Eighth Floor
St. Louis, MO 63102-2439

David A. Nester
NESTER & CONSTANCE
123 West Washington Street
Belleville, IL 62220

Stephen P. Niemira
SANDBERG, PHOENIX & von GONTARD, P.C.
One City Centre
15th Floor
515 North Sixth Street
St. Louis, MO 63101

Kara Lindsay Rakers
GOLDENBERG, MILLER et al
2227 South State Road 157
P.O. Box 959
Edwardsville, IL 62025


Electronic Copies to:

Alexander E. Barnett
CAREY & DANIS LLC
abarnett@careydanis.com

Thomas F. Bedsole
LOCKE REYNOLDS LLP
tbedsole@locke.com

James M. Bergin
MORRISON & FOERSTER LLP
jbergin@mofo.com

Steven I. Cooper
ANDERSON KILL & OLICK P.C.
scooper@andersonkill.com

Gary L. Crandell
GARY L. CRANDELL, P.C.
gcrandellpc@qwest.net

Robert Thomas Dassow
HOVDE LAW FIRM
rdassow@hovdelaw.com

Nicholas Calvin Deets
HOVDE LAW FIRM
ndeets@hovdelaw.com

Kenneth Hayes Inskeep
BARNES & THORNBURG LLP
ken.inskeep@btlaw.com

Jay Jaffe
BAKER & DANIELS
jay.jaffe@bakerd.com

Daniel P. King
LOCKE REYNOLDS LLP
dking@locke.com

John F. Prescott Jr
ICE MILLER LLP
john.prescott@icemiller.com

Todd D. Robichaud
ANDERSON KILL & OLICK P.C.
trobichaud@andersonkill.com

Matthew Parker Voors
LOCKE REYNOLDS LLP
mvoors@locke.com